PAUL VILLERRE *v.* GEORGE PAYNE.

[Abstract Kentucky Law Reporter, Vol. 2—230.]

**Precaution to Prevent Injury to Others.**

> Even where servants and agents engaged in driving a cow along a highway did not know of her viciousness, but such animal, on reaching the streets of a town, attacked persons on the street long before it reached the place where plaintiff was injured by her, such agents in the exercise of ordinary prudence should have secured the cow by some means so as to prevent any attempt to injure others; and where they neglect to do so, but persist in driving her along a street with the knowledge of her enraged condition and she attacked and injured a person, her owner is liable for the damages caused by such injury.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 23, 1881.

OPINION BY JUDGE PRYOR:

The right of recovery was based on the ground that the appellee had been injured by a vicious cow owned by appellant while it was being driven by his agents, all of them knowing the dangerous character of the animal. It is doubtful whether a recovery could have been had on account of the negligent conduct of the agents in driving her, but for the statement contained in the answer in which it is distinctly averred that, in driving said cow at the time, the defendant or his agents used proper precaution, and such precaution as a prudent man would use, etc. Nor is it shown by appellant's proof that the cow was a gentle cow at home, and that he had no reason to believe that she would become unruly or vicious when she reached the streets of the city. But the proof further shows that as the agents were driving the animal it attacked those on the street long before it reached the place where appellee was injured, and forced them to take refuge by climbing the fences. Agents of ordi-

nary prudence should have seen the condition of the cow and secured her by some means so as to have prevented any attempt to injure others, but, neglecting this plain duty, they persisted in driving it, with a knowledge of its enraged condition, until the attack was made upon the appellee.

While the special findings may be to some extent inconsistent, it is evident that the jury meant to say by their verdict that these agents knew the enraged condition of the cow and failed to use the proper precaution to prevent injury to those who were passing on the streets of the city.

Judgment *affirmed.*

*Russell & Helm, for appellant.*

*Young & Trabue, Lewis & Collins, for appellee.*